## JUDSON & Co. *v.* LEWIS HERTZ, Tutor, &c.

A mortgage on the property of a minor was attacked on the ground that the under tutor was not called to the family meeting which consented to the mortgage. The following acknowledgment, signed by the under tutor, witnesses and notary, was written at the foot of the *procès verbal* of the family meeting, to wit: "and S. N., the under tutor of said minor children, having waived due notice to attend, and having taken full cognizance of the foregoing proceedings, declared that he approved the same in every respect." *Held:* that it cannot reasonably be inferred from this acknowledgment that the under tutor was absent from said family meeting. The law makes it the duty of the under tutor to oppose the homologation of the family meeting when he is of opinion that it is injurious to the interest of the minors. Its requirements to attain that object were substantially complied with in this case.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. H. D. Ogden, for plaintiffs. *Preaux & Derbes,* for defendant and appellant.

VOORHIES, J. On the 17th of December, 1849, *Ester Peixotto* obtained a judgment against her husband *Louis Hertz* for a separation of property and a dissolution of the community of acquets or gains which existed between them, and also for the sum of $2000, as her paraphernal funds. A slave and lot of ground were seized and sold on the 2d of February, 1850, under a writ of *fieri facias* issued on her judgment, the nett proceeds of which were credited on the writ, leaving a balance in her favor of $1321 30. The writ was not returned

by the Sheriff until the 10th of October, 1851. Nothing shows that any attempt on her part, was ever made to enforce the payment of that balance. From the inception of her suit to the time of her death, which took place in September, 1853, her husband was represented to be insolvent. In September, 1851, and March, May and September, 1852, she acquired by purchase a slave and several lots of ground, according to the conveyances of which the price paid in cash amounted in the aggregate to $3159, and that on terms of credit to upwards of $500. It is also in evidence that expenditures were made during her lifetime for valuable improvements on some of the lots thus purchased by her, one of which, for extra buildings, &c., amounted to the sum of $950. On the 30th of September, 1852, she obtained a loan of $2400 from the plaintiffs, for which she gave them her eight promissory notes of $300 each, secured by mortgage, four of which remaining unpaid form a part of the plaintiffs' demand. On the 28th of June, 1853, she obtained a further loan of $2000, for which she gave the plaintiffs her promissory note, which constitutes the other part of their demand, and the only subject-matter in litigation. After her death, in order to obtain a prolongation of the payment of this note, deemed advantageous to her minor children, a family meeting was convoked at the instance of this natural tutor, *Louis Hertz*, to authorize him to give the plaintiffs a mortgage on the property of her succession. The determination of the family meeting advising the mortgage was homologated and the mortgage accordingly given.

The validity of the mortgage thus given, and which is sought to be enforced by the plaintiffs, is attacked by the under tutor, intervenor in the prosecution, on two grounds: 1st, "That he was not called to the family meeting, who consented to the mortgage in favor of *Judson & Co.* against the minors *Hertz*; and, 2d, that the debt for which the mortgage was granted was not a debt of the wife, but a debt for *Hertz* himself."

We consider both grounds untenable. The following acknowledgment signed by the under tutor, witnesses and notary, is written at the foot of the act of family meeting, viz: " And *Samuel Nathan* the under tutor of said minor children having waived due notice to attend, and having taken full cognizance of the foregoing proceedings, declared that he approved of the same in every respect. In faith whereof he hereunto signs his name with the said notary and above named witnesses." We do not think it can be reasonably inferred from this that the under tutor was absent from the meeting. The law makes it the duty of the under tutor to oppose the homologation of the family meeting when he is of opinion that it is injurious to the interest of the minors. Its requirements to attain that object were, in our opinion, substantially complied with in the present case. The cases on which the appellant relies do not appear to us to be analogous in point of fact to the present. In *Commaux* v. *Burbin*, 6 N. S 455, it appeared that the under tutor was not present at the meeting; and it was likewise the case in *Stafford* v. *Villain*, 10 L. 328. In neither of those cases it did not appear that the under tutor had taken any part in the proceedings of the family meeting.

On the other point, the evidence satisfies us, as it did the Judge *a quo*, that the money was received by the wife and used upon her property, and consequently enured to her benefit.

It is, therefore, ordered that the judgment of the court below be affirmed, with costs.